# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BARBOUR,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 1:18-cv-00246-LJO-BAM<br><br>ORDER FINDING SERVICE OF FIRST AMENDED CMPLAINT APPROPRIATE AND FORWARDING DOCUMENTS TO PLAINTIFF<br><br>(Doc. No. 9) |

Plaintiff Scott Barbour is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). On October 29, 2018, the Court screened Plaintiff's complaint, found that he stated certain cognizable claims and directed him to either amend his complaint or notify the Court of his willingness to proceed only on the cognizable claims. (Doc. No. 7.) Plaintiff's first amended complaint, filed on November 26, 2019, is currently before the Court for screening.[1] (Doc. No. 9.)

**I.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to

---

[1] On February 19, 2019, the matter was administrative re-designated and randomly reassigned to the undersigned magistrate judge. (Doc. No. 11.)

1

dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the United States Penitentiary Canaan in Waymart, Pennsylvania. The events in the complaint are alleged to have occurred while Plaintiff was housed at the United States Penitentiary Atwater ("USP Atwater") in Atwater, California. Plaintiff names the United States of America as the sole defendant and asserts claims for negligence/personal injury arising out of a race riot that occurred at USP Atwater on July 25, 2018.

Plaintiff alleges as follows:

> On July 24, 2015, at USP Atwater, a race riot broke out on the recreation yard and in several of the housing units. After the violence on the yard broke out, the Center Tower guard, in contravention of his Post Orders, the relevant policy statements, and numerous entreaties from his lieutenant and fellow staff members, failed to take any actions to quell the violence, which resulted in several inmates, including Plaintiff, receiving serious injuries. Further, Recreation Specialist McIntire acted negligently when he locked the gate between Yards Two and

> Three, thus precluding the escape from the violence by the inmates, including Plaintiff, who were under attack. [¶] Relevant to the Center Tower guard, Plaintiff subsequently asked him why he had failed to fire any shots. He responded by stating: "I don't think you would have fired into your own people, either." (The tower guard is of the same race and ethnicity as the aggressors in the riot.)

(Doc. No. 9 at 3-4.)

Plaintiff further alleges:

> Finally, Captain Garcia, who at the time of the riot oversaw, inter alia, the Compound area of USP Atwater, and Recreation Supervisor Pedraza, who at the time of the riot oversaw, inter alia, the outside recreation areas of USP Atwater, failed, respectively, to ensure that the compound and the outside recreation areas had the number of staff members posted to those areas that was required by post orders, policy, and directives. At the outset of the riot in question the aggressors threw unopened cans of soda at the victims, including Plaintiff, for several minutes before attacking at close quarters with pipes and homemade knives. During this time there were no recreation staff on Yard 3 (the Yard the riot had occurred on), and there were no Compound staff anywhere in the vicinity of the riot. Also during this soda-throwing period, no staff members activated their emergency duress devices, and thus no staff responded to the attack until well after the close quarter attack had commenced. Because no staff responded until well after the close quarter attack had commenced, several inmates, including Plaintiff, suffered serious injuries. And no staff responded because, as state above, there were no staff members on Yard 3 or in close proximity on the Compound to see the outset of the attack. And there were no staff members on Yard 3 or in close proximity on the Compound because the recreation yard and the Compound did not have the number of staff members required by post orders, policy, and directives, thus staff failed to patrol the rec yard and compound, resulting in Plaintiff's injuries.

(Id. at 4-5.)

Plaintiff contends that as a result of these negligent acts, he was stabbed three times and suffers from post-traumatic stress disorder. He seeks $5,000,000.00 in damages.

**III. Discussion**

Plaintiff brings claims in the Complaint under the Federal Tort Claims Act ("FTCA"), for negligence. "The FTCA, 28 U.S.C. §§ 1346, 2671–80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." D.L. by & through Junio v. Vassilev, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992)). "The United States is the only proper defendant in an FTCA action." Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452

n.1 (9th Cir. 1983)). The FTCA authorizes tort actions against the United States if the United States, as a private person, would be liable to the plaintiff under California tort law. United States v. Olson, 546 U.S. 43, 44 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001)). "The law of the place in § 346(b) has been construed to refer to the law of the state where the act or omission occurred. Thus, any duty that the United States owe[s] to plaintiff[ ] must be found in California state tort law." Delta Sav. Bank, 265 F.3d at 1025 (internal citations and quotation marks omitted).

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

At the pleading stage, the court finds that Plaintiff has stated a cognizable claim against the United States for negligence based on allegations that the Center Tower Guard and Recreation specialist McIntire had a duty to care for and protect Plaintiff, breached that duty by exposing Plaintiff to dangerous conditions, and caused Plaintiff to be harmed by being exposed to such conditions.

The court also finds that Plaintiff has stated a cognizable negligence claim based on understaffing of USP Atwater at the time of the riot. Plaintiff alleges facts in the Complaint showing that USP-Atwater was understaffed in the recreation and compound areas, attributes a duty of care to Captain Garcia and Recreation Supervisor Pedraza, and alleges a connection between breach of duty and the harm suffered by Plaintiff.

**IV. Conclusion and Order**

Based on the above, the Court finds that Plaintiff's first amended complaint states cognizable claims for negligence against the United States of America. Accordingly, IT IS HEREBY ORDERED as follows:

1. Service is appropriate for the following defendant:

4

**United States of America**

2. The Clerk of the Court shall send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the first amended complaint filed November 26, 2018.

3. Within thirty (30) days from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents;

a. Completed summonses;

b. One completed USM-285 form for each defendant listed above; and

c. Two (2) copies of the endorsed first amended complaint filed November 26, 2018.

4. Plaintiff need not attempt service on these defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

5. **The failure to comply with this Order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated: **May 14, 2019**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE