UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BARBOUR,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | No. 1:18-cv-00246-NONE-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. Nos. 18, 26) |

Plaintiff Scott Barbour, a federal prisoner, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Plaintiff's claims are based on injuries he suffered as a result of a riot that occurred on July 24, 2015 while he was an inmate at the U.S. Penitentiary Atwater ("USP Atwater"). (Doc. No. 9 at 3–4.) Naming the United States of America as the sole defendant in this action, plaintiff alleges that on the day of the riot, the prison staff acted negligently and failed to ensure his safety. (*Id.*) Defendant moved to dismiss this action for lack of subject matter jurisdiction.[1] (Doc. No. 18.)

---

[1] "As sovereign, the United States 'can be sued only to the extent that it has waived its immunity' from suit." *O'Toole v. United States*, 295 F.3d 1029, 1033 (9th Cir. 2002). While the FTCA waives the United States' sovereign immunity as to certain tort claims, such waiver does not extend to claims based upon "a discretionary function or duty" of a government employee's act or omission. *Id.* Defendant's motion to dismiss is premised on the argument that the alleged act or omission of its employee was discretionary, and, therefore, plaintiff is precluded by sovereign immunity from suing the government. (Doc. Nos. 18, 26.)

1

1   On July 1, 2020, the assigned magistrate judge recommended that defendant's motion to dismiss
2   be denied in part and granted in part.  (Doc. No. 26.)  Both plaintiff and defendant have filed
3   objections to those findings and recommendations.  (Doc. Nos. 27–28.)  Pursuant to 28 U.S.C.
4   § 636 (b)(1)(C), the court has conducted a *de novo* review of this case and finds the pending
5   findings and recommendations to be supported by the record and by proper analysis.

6       The court will first address defendant's objections to the pending findings and
7   recommendations.  Defendant argues that the magistrate judge erroneously concluded that
8   plaintiff has a plausible negligence claim based on defendant's violation of its duty to patrol the
9   area of the prison riot.[2]  (Doc. No. 27 at 3–9.)  More precisely, the magistrate judge found that
10  plaintiff has alleged the existence of several "post orders" stating that defendant had an obligation
11  to supervise and care for inmates, but that there was *no* staffing and supervision in the recreation
12  area where and when the riot started.  (Doc. No. 26 at 15–16.)  After the riot, Officer Ponce
13  allegedly admitted to plaintiff that there was probably no staffing in the area because "we must
14  have not been paying attention."[3]  (*Id.* at 16.)

15      Defendant's objections, however, fail to persuasively address the magistrate judge's
16  reasoning.[4]  Defendant argues, for instance, that prison staff responded to the riot within minutes
17  (Doc. No. 27 at 5), but this does not address why it was *not* obligated to have staff already in the

---

[2] Defendant also contends that because plaintiff raised a claim for failure to patrol for the first time in his opposition to the motion to dismiss, it did not have an opportunity to respond to that claim.  (Doc. No. 27 at 3.)  The court disagrees.  Defendant had an opportunity to respond to all of plaintiff's arguments in its reply in support of its motion to dismiss.

[3] Defendant argues that plaintiff's allegations are conclusory (Doc. No. 27 at 1), but based on the allegations outlines above, the court agrees with the magistrate judge's finding that plaintiff's failure to patrol claim is sufficiently pled.  (*See* Doc. No. 26 at 4–5.)

[4] Defendant also re-directs the court's attention to declarations and evidence that it submitted in support of its motion to dismiss and asks the court to accept truth of the facts in the evidence.  (*See* Doc. No. 27 at 3-9.)  The court notes, however, that the magistrate judge did not convert defendant's motion to dismiss into a motion for a summary judgment.  (Doc. No. 26 at 9 n.5.)  Nor does it appear appropriate for the court to take judicial notice of any of the information presented in the declarations submitted by defendant.  *See* Fed. R. Evid. 201 (judicial notice appropriate only for facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

recreation area in the first place to deter potential riots and protect the inmates. Defendant also argues that "[r]ecreation staff do not have post orders," but this argument disregards plaintiff's allegation—and the magistrate judge's reasoning—that plaintiff's claim is premised on other prison staff (the non-recreation staff or guards) not being present at the time of the riot. (Doc. No. 26 at 15) (citing Doc. No. 9 at 4). Defendant further argues that the post orders only set out a general obligation to supervise and protect inmates, and thus it could not be held liable for the failure of assigned guards to patrol a specific area of the prison, namely the recreational area where the riot occurred. (Doc. No. 27 at 5; *see also* Doc. No. 26 (detailing the post orders requiring defendant to patrol the prison).) The court disagrees. At the pleading stage, the court must construe the general language of the alleged post orders in light most favorable to plaintiff to be inclusive of the recreational area. *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1018 (9th Cir. 2014) ("All factual allegations in the complaint are accepted as true, and the pleadings construed in the light most favorable to the nonmoving party."); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("In evaluating a complaint, any doubts should be construed in favor of the pleader."). The court is not persuaded that the broad language of the post orders necessarily precludes defendant from liability arising from the alleged failure to patrol the recreational area.[5]

       The court now turns to plaintiff's objections to the magistrate judge's conclusion that the prison guards' decisions about how to quell the riot and to protect inmates was discretionary and, thus, in light of the discretionary function exemption to the FTCA, plaintiff has no claim based on how the guards purportedly should have acted in quelling the riot. The court finds that plaintiff's objections also fail to meaningfully address the magistrate judge's reasoning and cited authorities. (Doc. No. 28.) For instance, plaintiff claims in a conclusory manner that BOP Program Statement 5566.06 mandated the prison guards to protect him during the riot (*id.* at 1), even though the magistrate judge found that the program statement "does not mandate any particular type of immediate or unplanned force" (Doc. No. 26 at 5–6) (citing *Ruby v. United States*, No. 1:18-CV-00200-SAB PC, 2019 WL 2089498, at *3 (E.D. Cal. May 13, 2019)).

---

[5] None of the authorities cited by defendant hold that the general language of a post order cannot be a basis for a tort claim that arose in a more specific context.

Relatedly, Plaintiff asserts in a conclusory manner that he has a tort claim arising from the tower guard's failure to act because of racial discrimination based on his allegation that the tower guard decided not to use force against certain inmates during the riot because of the race(s) of those inmates. (Doc. No. 28 at 3.) This conclusory argument fails to address the magistrate judge's reasoning that the prison guard's decision on how to quell the riot was discretionary.

Accordingly,

1. The July 1, 2020 findings and recommendations (Doc. No. 26) are adopted in full;
2. Defendant's motion to dismiss (Doc. No. 18) is granted in part and denied in part, as follows:
   a. The motion to dismiss is denied as to plaintiff's failure-to-patrol claim; and
   b. The motion to dismiss is granted as to all other claims on the ground that the court lacks subject matter jurisdiction;
3. This action shall proceed against defendant United States of America only on plaintiff's claim for failure to patrol; and
4. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **September 1, 2020**

UNITED STATES DISTRICT JUDGE