# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BARBOUR,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No. 1:18-cv-00246-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OPENING DISCOVERY AS PREMATURE<br><br>(ECF No. 39) |

Plaintiff Scott Barbour ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

On September 2, 2020, the Court granted in part and denied in part Defendant United States of America's motion to dismiss. (ECF No. 33.) This action now proceeds only on Plaintiff's claim for failure to patrol. Accordingly, on September 3, 2020, the Court directed Defendant to file an answer or other responsive pleading to Plaintiff's first amended complaint. (ECF No. 34.) On September 14, 2020, Plaintiff filed a motion for reconsideration of the Court's order granting in part and denying in part Defendant's motion to dismiss. (ECF No. 35.)

In light of the pending motion for reconsideration, the Court granted Defendant's request for an extension of time to respond to the complaint. (ECF Nos. 36, 37.) The Court vacated the deadline for Defendant to file a responsive pleading, which will be reset following resolution of Plaintiff's motion for reconsideration. (ECF No. 37.) Defendant timely filed their opposition to Plaintiff's motion for reconsideration, (ECF No. 38), and Plaintiff's reply, if any, is due on or before October 12, 2020.

Currently before the Court is Plaintiff's motion for an order opening discovery, filed

1

1  October 5, 2020.  (ECF No. 39.)  Plaintiff notes that his previous request to open discovery was
2  denied pending resolution of Defendant's motion to dismiss, and the undersigned ordered that the
3  Court would open discovery on any of Plaintiff's remaining claims "once the pleadings are set."
4  (Id. at 2; ECF No. 26, p. 18.)  Plaintiff states that he will need a great deal of discovery to
5  adequately respond to any dispositive motions filed by Defendant in this case, and requests that
6  while waiting for the Court to adjudicate Plaintiff's motion for reconsideration, discovery should
7  open at least with respect to Plaintiff's failure to patrol claim.  Plaintiff argues that if the Court
8  grants Plaintiff's motion to reconsider dismissal of Plaintiff's tower guard claim and permit that
9  claim to proceed, Plaintiff could, at that time, ask the Court to broaden its discovery order.  (ECF
10 No. 39.)

11     Defendant has not had an opportunity to respond to the motion, but the Court finds a
12 response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

13     Plaintiff's motion for discovery is premature.  As a result of Plaintiff's motion for
14 reconsideration, the Court vacated the deadline for Defendant to file a responsive pleading to the
15 complaint.  As such, the pleadings are not set, and discovery remains inappropriate at this time.
16 Once the motion for reconsideration is resolved, the Court will reinstate the deadline for
17 Defendant to respond to the complaint.  After a responsive pleading is filed, the Court will then
18 issue an order opening discovery.  Finally, to the extent Plaintiff is concerned about responding to
19 future dispositive motions, the Court notes that the order opening discovery will also set the
20 deadlines for the filing of dispositive motions and will allow ample time for the parties to conduct
21 discovery before dispositive motions are due.

22     Accordingly, Plaintiff's motion for order opening discovery, (ECF No. 39), is HEREBY
23 DENIED, without prejudice, as premature.

IT IS SO ORDERED.

25    Dated:   **October 8, 2020**                    /s/ *Barbara A. McAuliffe*
26                                              UNITED STATES MAGISTRATE JUDGE