UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BARBOUR,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | No. 1:18-cv-00246-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER RULE 59(e)<br><br>(Doc. No. 35) |

Plaintiff Scott Barbour is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). On September 2, 2020, the court issued an order adopting the magistrate judge's findings and recommendations to deny in part and grant in part the government's motion to dismiss.[1] (Doc. No. 33.) The order allowed plaintiff's failure-to-patrol claim to proceed, but dismissed all of his other claims. (*Id.* at 4.)

/////

/////

---

[1] On September 3, 2020, the assigned magistrate judge directed defendant to file an answer or other responsive pleading to plaintiff's first amended complaint. (Doc. No. 34.) In light of the filing of plaintiff's motion for reconsideration, the magistrate judge vacated the deadline for defendant to file a responsive pleading. (Doc. No. 37.)

1

On September 14, 2020, plaintiff moved for reconsideration of that court order under Federal Rule of Civil Procedure 59(e),[2] arguing that one of the dismissed claims—namely, the claim that the prison guard's failure to use sufficient force during a riot to protect plaintiff was motivated by racial animus—should not have been dismissed. (Doc. No. 35; *see also* Doc. No. 26 at 9–10, 12–14 (summarizing and analyzing plaintiff's racial discrimination claim); 33 (dismissing the racial discrimination claim because plaintiff failed to allege sufficient facts).) The government has responded to plaintiff's motion for reconsideration, and plaintiff has replied thereto. (Doc. Nos. 38, 41.)

Having considered the parties' submissions, the court finds that plaintiff has failed to establish the requirements for reconsideration under Rule 59(e). That is, there is (1) no "newly discovered evidence," (2) no "clear error" or indication "the initial decision was manifestly unjust," and (3) no "intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Critically, "[a] motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they *could* reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis added). In addition to the other reasons, plaintiff also fails to establish how the arguments advanced in his pending motion for reconsideration could *not* have reasonably been raised before.[3]

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 35) is DENIED;

/////

---

[2] "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[3] Even if the court were to consider plaintiff's arguments on the merits, those arguments have already been addressed by the magistrate judge in the findings and recommendations, as well as in the court's order adopting those findings and recommendations. (*See* Doc. Nos. 26, 33); *see also Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Cal.*, 649 F. Supp. 2d 1063, 1069–70 (E.D. Cal. 2009) ("Motions to reconsider are also 'not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented.'").

2. This action shall proceed against defendant United States of America only on plaintiff's claim for failure to patrol; and

3. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **January 19, 2021**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE