# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BARBOUR,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:18-cv-00246-AWI-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 49) |

Plaintiff Scott Barbour ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). This action proceeds against Defendant United States of America on Plaintiff's claim for failure to patrol.

Currently before the Court is Plaintiff's motion to appoint counsel, filed April 5, 2020. (ECF No. 49.) In his motion, Plaintiff states that he is requesting appointment of counsel for the sole purposes of helping Plaintiff conduct discovery, engage in settlement negotiations, and if necessary, try the case. Plaintiff asserts that his likelihood of success on the merits in this case is extremely high, as the Court has found that Plaintiff stated a cognizable civil rights claim and survived Defendant's jurisdiction challenge, and Plaintiff believes it is unlikely the Court would have ordered post-screening ADR if it felt that Plaintiff's case was weak. Furthermore, Plaintiff states that defense counsel made a counter settlement offer in an exchange of letters between the

1

1    parties, and believes that the issue seems to be more about damages than liability.  Plaintiff
2    believes that the parties can reach a settlement in this case, and that defense counsel has an
3    aversion to negotiating with a prisoner.  (Id.)

4        Plaintiff admits that he is not illiterate in matters of law, but believes that defense counsel
5    will resist providing certain documents in response to discovery requests on "safety and security"
6    grounds that will only be issues because Plaintiff is a prisoner.  By contrast, an appointed counsel
7    could be provided documents that Plaintiff would likely be precluded from receiving due to his
8    custodial status.  (Id.)

9        Plaintiff also states that while he may have demonstrated some measure of skill in
10   litigating this case, he does suffer from PTSD, with the symptoms having become exponentially
11   worse as a result of the restrictions and isolation attendant to the COVID-19 novel coronavirus.
12   Plaintiff states that because everyone is confined to the housing unit, the noise level in the unit is
13   extraordinarily high, which for a person suffering from PTSD-related anxiety is pure hell.
14   Plaintiff asks the Court to consider Plaintiff's PTSD and his rapidly deteriorating mental state in
15   determining whether there exists extraordinary circumstances to warrant appointment of counsel
16   in the last leg of this litigation.  (Id.)

17       Plaintiff represents to the Court that if counsel is appointed, Plaintiff would continue to
18   draft all of the necessary legal documents, including, if warranted, a motion for summary
19   judgment.  Counsel's only responsibility would be to review discovery material too sensitive for a
20   prisoner to review, engage in settlement negotiations, and help Plaintiff present his case in the
21   event of a trial.  Plaintiff also would not object to the appointment of standby counsel to assist
22   Plaintiff with these matters, or to a stipulation that Plaintiff, in the event of a settlement or award,
23   pay the attorney for the time spent on the case at the attorney's prevailing hourly rate (or, if the
24   case does not settle, a percentage of any monetary award, whichever is higher).  (Id.)

25       Defendant has not yet had an opportunity to file a response, but the Court finds a response
26   unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

27       Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.
28   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954

n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and suffering from a variety of mental health conditions almost daily. Many of these prisoners also litigating their cases under restrictions imposed as a result of the COVID-19 pandemic. These litigants also must conduct discovery and engage in settlement negotiations without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has found that Plaintiff stated a cognizable claim which has survived a jurisdictional challenge, this does not mean that Plaintiff will ultimately prevail on his claim. Further, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. In fact, Plaintiff has demonstrated that he is more than capable of presenting nuanced legal arguments.

The Court further notes that there has been no indication that defense counsel is unwilling to negotiate a settlement agreement with Plaintiff due to his status as a prisoner. As Plaintiff indicated, defense counsel provided a counter settlement offer in their correspondence, but the parties did not agree to settle because the "offer and counter offer were light years apart." (ECF No. 49, p. 3.) Finally, to the extent Plaintiff is concerned about conducting discovery in this matter, he is free to raise his concerns again in response to any protective order or discovery

dispute that may arise in the future.  However, in light of Plaintiff's confidence in his ability to continue drafting all necessary legal documents in this matter, including a motion for summary judgment, the Court does not find that this case presents the exceptional circumstances that would warrant appointment of counsel.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 49), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **April 7, 2021**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE