# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BARBOUR,<br><br>              Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | Case No. 1:18-cv-00246-NONE-BAM (PC)<br><br>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO AMEND COMPLAINT<br>(ECF No. 51)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE LODGED SECOND AMENDED COMPLAINT<br>(ECF No. 52)<br><br>ORDER FOR DEFENDANT TO FILE RESPONSE TO SECOND AMENDED COMPLAINT WITHIN **TWENTY-ONE (21) DAYS** |

**I.    Introduction**

Plaintiff Scott Barbour ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). This action proceeds against Defendant United States of America on Plaintiff's claims for failure to patrol.

Pursuant to the Court's March 25, 2021, Discovery and Scheduling Order, the deadline for the filing of motions for summary judgment for failure to exhaust was June 25, 2021, and all

1  stipulated amendments or motions to amend were due by September 25, 2021.  (ECF No. 48.)

2  The deadline for completion of all discovery is November 25, 2021, and the deadline for the

3  filing of all motions for summary judgment, other than a motion for summary judgment for

4  failure to exhaust, is February 3, 2022.  (*Id.*)

5        On September 13, 2021, Plaintiff filed a Motion for Declaratory Judgment, or,

6  Alternatively, a Motion for Leave to File Second Amended Civil Complaint, together with a

7  proposed second amended complaint.  (ECF Nos. 51, 52.)  Defendant filed objections on

8  September 23, 2021, (ECF No. 53), and Plaintiff filed a reply on October 4, 2021, (ECF No. 54).

9  The motion is deemed submitted.  Local Rule 230(l).

10       As discussed below, the motion to amend is granted to allow Plaintiff to add a second

11 failure to patrol claim related to monitoring the metal detector.

12 **II.      Motion to Amend**

13     **A.      Legal Standard**

14       Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

15 pleading once as a matter of course at any time before a responsive pleading is served.

16 Otherwise, a party may amend only by leave of the court or by written consent of the adverse

17 party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a)

18 is very liberal and leave to amend shall be freely given when justice so requires."

19 *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and

20 quotation omitted).  However, courts "need not grant leave to amend where the amendment:

21 (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in

22 litigation; or (4) is futile."  *Id.*

23     **B.      Parties' Positions**

24       In his motion, Plaintiff states that he has only recently become aware of certain alleged

25 acts and omissions of BOP staff at USP Atwater on July 24, 2015, and seeks a declaratory

26 judgment from the Court that these acts and omissions are sufficiently within the overall scope of

27 Plaintiff's failure-to-patrol/inattentive guard claim so as to render them justiciable at the expected

28 trial in this case, or, alternatively, Plaintiff moves for leave to file the proposed second amended

1  complaint. (ECF No. 51.) Plaintiff states that in preparing for trial, Plaintiff learned from one of
2  his witnesses that the USP Atwater Unit 2-A housing unit officers were paying no attention to the
3  walk-through metal detector during the 12:10 p.m. recreation yard move, and that as a result,
4  several Hispanic inmates, including the inmate who stabbed Plaintiff, were able to proceed from
5  the housing unit to the recreation yard unmolested despite having set off the metal detector.
6  Plaintiff argues that these newly-discovered facts fall squarely within the ambit of his claim that
7  staff at USP Atwater failed to remain attentive and supervise the inmates on the day of the racial
8  attack at issue in this case, and are thus fair issues for trial. Plaintiff contends that he provided
9  notice to defense counsel on May 25, 2021, that he had become aware of the metal detector issue
10 and intended to pursue the claim at trial, (*id.* at 5–6), and provided Defendant with a copy of the
11 affidavit from Plaintiff's witness. (*id.* at 8–10.)

12 Defendant objects to the motion, arguing that the factual allegations are more than six
13 years old, have not been exhausted administratively, and that it would be prejudicial to Defendant
14 to allow a new claim. (ECF No. 53.) Defendant argues that the proposed amendment is
15 prejudicial, in that the new claim was not administratively exhausted, and without the opportunity
16 to timely investigate these allegations, including interviews with BOP staff and review of video
17 (which would have been preserved had Plaintiff brought this claim to the BOP), Defendant's
18 defense is impaired. The amendment is further sought in bad faith, because the riot from which
19 Plaintiff's claims arise was quelled within minutes, and Plaintiff knows that it is within the
20 discretion of BOP staff when to monitor the metal detectors in the housing units and that staff
21 carefully prioritize the monitoring of the metal detectors. Amending the complaint may also
22 delay the litigation, as the motion was made on the eve of the deadline for amendments, and is
23 nothing more than a delay in Defendant's motion for summary judgment. Finally, Defendant
24 argues that the claim is futile, as Plaintiff does not claim that he administratively exhausted this
25 new claim and it is too late for him to do so now. Defendant argues, as in their motion to dismiss,
26 that the discretionary function exception excludes the decision where to place guards. (*Id.*)

27 In reply, Plaintiff argues that Defendant asserts in wholly conclusory fashion that it would
28 be prejudiced by amendment, that the amendment is sought in bad faith, that amending the

complaint may delay the litigation, and that the amendment is futile.  (ECF No. 54.)  Defendant will not be prejudiced in its investigation of Plaintiff's new allegations, as there is nothing stopping Defendant from investigating now.  Further, Defendant has not said that the relevant video does not exist, rather only implying that it was not preserved, and even if the video was not preserved, Defendant is free to seek eyewitness testimony as Plaintiff has done.  Plaintiff argues that the metal detector claim did not accrue until Plaintiff received the relevant information from his inmate witness, at which point he immediately notified defense counsel, which was more than four months ago.  Defendant's argument that the motion is brought in bad faith merely argues the merits of Plaintiff's claims, and Defendant argues only that the proposed amended complaint may delay the litigation, when the standard is whether it would produce an undue delay.  Plaintiff states that he has no intention of asking the Court to expand the discovery deadlines nor the deadline for dispositive motions.  Plaintiff argues that Defendant's argument as to futility is an attempt to resolve the exhaustion and discretionary function exception issues in this pleading rather than in a separate answer or motion to dismiss.  Moreover, Plaintiff argues that the additional, newly-discovered facts fall within the ambit of his overarching failure-to-patrol/inattentive guard claim, and thus has been administratively exhausted.  Plaintiff finally argues that the discretionary function exception issue was decided in the Court's ruling on Defendant's motion to dismiss, and that the program statements cited therein apply with equal force to the officers who were not paying attention to the metal detector or the inmates who set it off on that day.  (*Id.*)

**C.     Discussion**

The Court does not find it appropriate, at the pleading stage, to declare whether certain issues are or are not appropriate to raise at trial.  Therefore, Plaintiff's request for a declaratory judgment finding the metal detector issue justiciable at trial, is denied.  The Court next turns to the request to file a second amended complaint.

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility.

///

As to prejudice, Defendant is free to argue the issue of exhaustion in a motion to dismiss or a motion for summary judgment related to the issue of exhaustion, if necessary. Plaintiff has alleged compliance with the administrative exhaustion requirement in his proposed second amended complaint, and argues that the facts alleged fall within the purview of his original administrative grievance. Defendant has not presented sufficient authority or argument at this juncture for the Court to clearly find that a deficiency, if any, in such exhaustion cannot be overcome by amendment. *See Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1140 (9th Cir. 2013), cert denied, 134 S. Ct. 2692 (2014) ("A district court may dismiss a pro se complaint for failure to allege compliance with the FTCA's administrative exhaustion requirement if it clearly appears that the deficiency cannot be overcome by amendment.") (citation omitted). Defendant is further free to continue pursuing discovery until the November 25, 2021 deadline set in the Court's Discovery and Scheduling Order, or to seek an appropriate extension of that deadline. Defendant is further free to request that the Court reset the deadline for filing a motion for summary judgment on the issue of exhaustion, if necessary.

The Court does not find that the motion to amend is brought in bad faith. Defendant's arguments as to bad faith primarily go to the merits of this action, as well as to issues that were already addressed in the prior motion to dismiss. The Court finds that although the allegations in the proposed second amended complaint relate to different correctional officers, they are sufficiently related to the existing failure to patrol claims such that, at the pleading stage, it appears that the discretionary function exception may not apply.

As Plaintiff has argued, the standard on a motion to amend is whether the proposed amendment will result in undue delay of the litigation. The fact that Plaintiff filed the motion "on the eve" of the deadline for motions to amend is not relevant, in light of Plaintiff's uncontested assertion that he provided notice to Defendant of the newly-discovered allegations and his intention to file a motion seeking leave to file a second amended complaint, four months prior to the timely filing of that motion. As to Defendant's concern that the amendment will delay their motion for summary judgment, the Court notes that the deadline for filing dispositive motions is not until February 3, 2022, and both parties have expressed their intention not to seek any

extensions of that deadline.

As discussed above, the Court does not find that, at the pleading stage, Defendant's contention that Plaintiff failed to administratively exhaust the additional failure to patrol claim is sufficient to find that the amendment is futile.  Finally, any argument as to the discretionary function exception's application to the additional claim is more appropriately addressed in a motion to dismiss, if Defendant wishes to file one in response to the second amended complaint.

To the extent the second amended complaint contains allegations related to claims already dismissed by the District Judge's September 2, 2020 order adopting findings and recommendations granting in part and denying in part Defendant's motion to dismiss, the Court clarifies that the only claims which will be permitted to proceed are the two failure to patrol claims related to the recreation yard and the metal detector.

### III. Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for declaratory judgment, (ECF No. 51), is DENIED;
2. Plaintiff's motion for leave to file a second amended complaint, (ECF No. 51), is GRANTED;
3. The Clerk of the Court is directed to file the second amended complaint lodged on September 13, 2021, (ECF No. 52), as the operative complaint in this action;
4. Defendant is DIRECTED to file a response to the second amended complaint within **twenty-one (21) days** from the date of service of this order; and
5. All other deadlines set in the Court's March 25, 2021 Discovery and Scheduling Order remain in place.

IT IS SO ORDERED.

Dated:   **October 20, 2021**              /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE