**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT BARBOUR,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Case No. 1:18-cv-0246 JLT BAM<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(Docs. 58, 64, & 73)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A STATUS REPORT AND DENYING REQUESTS TO FILE SUPPLEMENTARY BRIEFS<br>(Docs. 76, 77, 78, 79 & 81)<br><br>ORDER DENYING THE CONSTRUED MOTION FOR RECONSIDERATION REGARDING THE DENIAL OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br>(Docs. 72, 74) |

Scott Barbour asserts that prison officials "acted negligently in relation to a race riot that occurred at USP Atwater on July 25, 2015," including failure to patrol the recreation yard and failure to monitor the metal detector. (*See generally* Doc. 56; *id.* at 3.) Plaintiff seeks to hold the Government liable pursuant to the Federal Tort Claims Act. (*Id.* at 1.) The Government moved to dismiss the claim related to the metal detector for lack of jurisdiction. (Doc. 58.) Following that motion, Plaintiff moved to compel discovery. (Doc. 62.) The Government then moved for summary judgment on both claims, asserting there are no disputes of material facts. (Doc. 64.)

1

The assigned magistrate issued an order denying Plaintiff's motion to compel, as well as Findings and Recommendations granting Defendant's motion to dismiss and denying the motion for summary judgment. (Doc. 73.) For the reasons set forth below, the Court denies reconsideration of the order denying Plaintiff's motion to compel, and adopts the Findings and Recommendations related to the dispositive motions.

## I.      Order on the Motion to Compel

Prior to addressing the merits of the dispositive motions, the magistrate judge considered Plaintiff's motion to compel discovery. (Doc. 73 at 2-4.) The magistrate judge observed that under the Court's scheduling order, "the deadline for completion of all discovery, including filing all motions to compel discovery, was November 25, 2021." (*Id.*) The magistrate judge observed that although Plaintiff dated the motion on November 17, 2021, it was not received by the Court until January 10, 2022. (*Id.* at 3-4.) The magistrate judge also noted that Plaintiff's reply to the opposition indicated that Plaintiff blamed a "snafu at the Clerk's Office" on his initial submission from November 2021 not being filed, and that Plaintiff indicated the motion was re-mailed. (*Id.*) The magistrate judge found, "Even accepting as true … that [Plaintiff] originally mailed his motion to compel in November 2021, Plaintiff has not demonstrated that he exercised due diligence by mailing a motion to compel only a week before the close of discovery." (*Id.* at 4.) The magistrate judge explained: "Plaintiff confirms that he received Defendant's response to his meet and confer letters in August 2021, but does not explain why he then waited until November 2021 to submit a motion to compel." (*Id.*) Moreover, the magistrate judge observed: "Plaintiff does not argue—either in the motion to compel or in his opposition to the pending motion for summary judgment—that the documents sought in the motion to compel are necessary for Plaintiff to demonstrate a dispute of fact in opposition to Defendant's motion for summary judgment." (*Id.*) Thus, the magistrate judge denied Plaintiff's motion to compel discovery. (*Id.*)

## II.     Findings and Recommendations

### A.      Motion to Dismiss

In the SAC, Plaintiff alleges with his second claim for relief that on July 24, 2015, prison officers at USP Atwater "were negligent in failing to remain attentive and supervise the walk-

2

through metal detector during the 12:10 p.m. recreation move." (Doc. 56 at 5.) He contends this enabled "several Hispanic inmates, including the Hispanic inmate who subsequently stabbed Plaintiff, to set off the metal detector and yet proceed to the recreation yard without being stopped and searched by staff…." (*Id.* at 5-6.) The Government moves for dismissal of this claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting the Court lacks subject matter jurisdiction pursuant to the discretionary function exception to the FTCA. (Doc. 58) Plaintiff opposed the motion. (Doc. 59.)

As an initial matter, the magistrate judge noted that the FTCA "is the exclusive wavier of sovereign immunity for suits against the United States sounding in tort." (Doc. 73 at 5, citing 28 U.S.C. § 1346(b). However, the magistrate judge noted there are limits to this, and "the FTCA waiver of immunity is inapplicable to a claim based on the exercise of a discretionary function on the part of a federal agency or employee." (*Id.* at 6, citing *Childers v. United States*, 40 F.3d 973, 974 (9th Cir. 1995); *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008).) The magistrate judge observed that the Supreme Court established a two-part test to evaluate whether the discretionary function exception applies:

> "First, a court examines whether the government's actions are 'discretionary in nature, acts that involv[e] an element of judgment or choice.'" *Chadd v. United States*, 794 F.3d 1104, 1109 (9th Cir. 2015), *cert. denied* 136 S.Ct. 2008 (2016) (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). "If there is . . . a statute or policy directing mandatory and specific action, the inquiry comes to an end because there can be no element of discretion when an employee has no rightful option but to adhere to the directive." *Id.* (quoting *Terbush*, 516 F.3d at 1129). Second, "a court must determine whether that judgment is of the kind that the discretionary function was designed to shield." *Berkovitz*, 486 U.S. at 536. "To survive a motion to dismiss, [a plaintiff] must 'allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Terbush*, 516 F.3d at 1130 (emphasis omitted) (quoting *Gaubert*, 499 U.S. at 324–25).

(*Id.* at 6.)

Applying this test, the magistrate judge observed first that matters of "a prison's internal security" are "normally left to the discretion of prison administrators." (Doc. 73 at 8, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981).) The magistrate judge found "the *choice* of

3

whether to monitor the metal detectors, as opposed to some other location such as the courtyard, was within the discretion of BOP staff." (*Id.*, emphasis in original.) Thus, the magistrate judge found "the decision not to monitor the metal detectors involved an element of judgment or choice within the discretionary function exception." (*Id.*)

Second, the magistrate judge considered whether decision to monitor the metal detectors was the type of action "Congress meant to protect" under the discretionary function exception. (Doc. 73 at 9.) The magistrate judge observed the Government established that "BOP post orders do not mandate when BOP staff must monitor the metal detectors in the housing unit." (*Id.* at 10.) The magistrate judge found the evidence also showed:

> BOP unit officers may exercise discretion as to when to monitor the metal detectors or whether to be present in the courtyard or elsewhere in the unit to attend to various tasks. ([Doc. 58-2, ¶ 4].) Unit officers are under no obligation to investigate a triggered alarm on an unmanned metal detector, even if heard from a distance. (*Id.*) Defendant presents evidence that post orders for housing unit officers call for random and frequent patrols of the unit throughout the shift and regular searches of areas and inmates to locate contraband and deter its introduction and movement. (*Id.* ¶ 7.) The post orders do not require mandatory and specific actions to effectuate searches or specify entrance and/or exit procedures as inmates move to and from housing units, and therefore creates the type of day- to-day decision that falls within the discretionary function exception, utilizing the staff member's judgment as needed to preserve internal order and discipline and maintain institutional security. (*Id.*)

(Doc. 73 at 10.) The magistrate judge found the decision to monitor the metal detectors—or to patrol elsewhere in the prison facility— was discretionary, and "the type of action protected by the discretionary function exception." (*Id.*) The magistrate judge explained, "It is not for the Court to substitute its judgment for that of officials who made a considered choice in whether to monitor the metal detectors during the relevant time." (*Id.*) As a result, the magistrate judge concluded the Court lacks subject matter jurisdiction and recommended the Court grant the motion to dismiss Plaintiff's second claim for relief. (*Id.* at 10, 20.)

### B. Motion for Summary Judgment

The Government also moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, asserting "there are no genuine issues as to any material fact." (Doc. 64 at 1.) According to the Government, "There is no evidence that the United States, the Bureau of

4

Prisons, or any of its employees, failed to patrol or was negligent in any manner. Barbour has no expert regarding the standard of care or causation and cannot prove negligence." (*Id.*; *see also* Doc. 64-1 at 15-24.) Plaintiff opposed the motion. (Doc. 66.)

Upon review of the evidence submitted and Plaintiff's verified SAC, the magistrate judge found "there remain significant disputes of fact that cannot be resolved on summary judgement." (Doc. 72 at 17; *see also id.* at 12, n.4.) First, the magistrate judge found that "Defendant's own evidence in support of the motion for summary judgment creates ambiguity as to the requirements of the post orders of the compound officers," given conflicting evidence regarding whether post orders require staff to patrol particular locations during prisoner movements. (*Id.* at 17-18.) As a result, the magistrate judge found there was "a dispute of fact regarding whether BOP staff were in violation of their post orders when they were not patrolling in the vicinity of Yard 3 on July 24, 2015." (*Id.* at 18.) Second, the magistrate judge found "a dispute of fact as to whether BOP staff or Plaintiff caused Plaintiff's injuries during the race riot." (*Id.*) Third, the magistrate judge found Plaintiff's medical evidence was sufficient "to create a dispute of fact as to the causation of his right knee and PTSD." (*Id.*) Fourth, the magistrate judge found "there remains a dispute of fact regarding the foreseeability of the race riot and any injuries Plaintiff sustained as a result." (*Id.*) Therefore, the magistrate judge recommended the Court deny the motion.[1] (*Id.* at 20.)

**III.    Objections**

The Court served the Findings and Recommendations on the parties and informed the parties that any objections were due within 14 days. (Doc. 13 at 6.) In addition, the Court advised the parties that "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*. at 6, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) The Government did not file objections.

Plaintiff raises two objections to the magistrate judge's ruling and findings. (Doc. 74.) "Objection No. 1" relates to the magistrate judge's denial of his motion to compel discovery. (Doc. 74 at 1-40.) Because the magistrate judge issued this ruling as an *order*, the Court

---

[1] The magistrate judge considered only the arguments related to Plaintiff's first claim for negligence, based upon the failure to patrol, in light of the recommendation of dismissal for the second claim. (Doc. 73 at 15, n. 5.)

construes Plaintiff's "Objection No. 1" as a motion for reconsideration, addressed further below. "Objection No. 2" relates to the Findings and Recommendations granting Defendant's motion to dismiss his second claim for lack of subject matter jurisdiction. (*Id.* at 40; *see also id.* at 40-60.) He contends the Court misconstrued his claim as relating to monitoring the metal detector, and that instead his second negligence claim is based upon the inattentiveness of the officers. (*Id.* at 40-44.) For example, Plaintiff notes that in his affidavit in support of the opposition, he stated "The Unit 2-A officers were paying no attention to the inmates who were exiting the housing unit en route to the recreation yard, nor to the metal detector that all inmates must walk through whenever they leave the housing unit. (*Id.* at 44, quoting Doc. 66, Ex. F [Doc. 66 at 55, ¶ 4].) Plaintiff maintains "the fact that staff may have discretion to be in a courtyard rather than beside a metal detector does not negate their non-discretionary duty to remain attentive and to supervise the inmates." (*Id.* at 46; *see also id.* at 60-61.) For this reason, Plaintiff contends the discretionary function exception does not apply. (*See generally id.* at 40-61.)

The Government filed a response to Plaintiff's objections. (Doc. 75.) First, the Government asserts that to the extent Plaintiff seeks review of the order denying his motion to compel, Plaintiff's objection "is argumentative and nothing more than a rehash of the arguments he made, or could have made, previously." (Doc. 75 at 1.) The Government contends that the findings made related to this order were not "clearly erroneous or contrary to law," and the Court should not disturb the order. (*Id.* at 2, citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 303(f).) Second, the Government argues that the magistrate judge properly addressed the second cause of action, and "correctly conclude[d] that the evidence establishes that BOP post orders do not mandate when BOP staff must monitor the metal detectors in the housing unit," and instead the "BOP unit officers may exercise discretion as to when to monitor the metal detectors or whether to be present in the courtyard or elsewhere in the unit to attend to various tasks." (*Id.*)

The Government also addressed the magistrate judge's findings related to the motion for summary judgment, and requested "an opportunity to clarify the ambiguity identified … regarding the duty to patrol Yard 3." (Doc. 75 at 2.) Notably, however, Plaintiff did not address the magistrate judge's findings related to this motion. (*See generally* Doc. 74.) Towards that end,

6

the Government's response plainly exceeds the scope of the objections. Instead, it appears the Government includes its untimely objections to the Findings and Recommendations related to the motion for summary judgment in the "response," approximately 40 days after the deadline to file such objections. (*See* Doc. 75 at 3-5.) The Court declines to consider the untimely and improper objections. The Government's "response" section entitled "Findings regarding United States' motion for summary judgment" is **STRICKEN**. *See Lambert v. Dennis,* 737 Fed. App'x 354, 355 (9th Cir. 2018) (noting that a district court has discretion to strike untimely objections to a report and recommendation); *see also S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (describing the district court's "inherent power" to control its docket).

## IV.    Requests to file Supplemental Briefing and Evidence

Following the Government's response and untimely objection to the Findings and Recommendations related to the MJS, Plaintiff filed a "motion for leave to file [a] reply" to the Government's response, which he followed with a "motion for leave to file [a] supplemental reply. (Docs. 76, 77.) While the action remained pending review, Plaintiff then filed a "motion for leave to supplement statement of disputed material facts in opposition to United States' motion for summary judgment," in which Plaintiff also expressed an intent to contact a third-party who was also incarcerated at USP Atwater for an affidavit to further support his opposition. (Doc. 78.)

The Government responded to Plaintiff's request, asserting the Court should "allow the United States the opportunity to respond" to the anticipated affidavit "and to supplement the record to clarify the ambiguity identified by the Magistrate Judge." (Doc. 79 at 2.) Plaintiff filed a response, renewing his request to supplement his statement of disputed material facts. (Doc. 80.) Finally, Plaintiff filed a "motion for leave to file a status report," indicating that he no longer intended to file an affidavit from the other, unidentified prisoner.[2] (Doc. 80.)

The Court has reviewed each of the filings from both Plaintiff and the Government regarding supplemental briefing and evidence. Neither the Federal Rules of Civil Procedure nor

---

[2] To the extent the Court considers Plaintiff's assertion regarding the affidavit, the motion to file a status report is **GRANTED**.

7

the Local Rules allow for supplemental filings after a motion is fully briefed. *See Dell'Antonia v. California*, 2007 WL 810096, at *1 (E.D. Cal. Mar. 15, 2007). However, the Courts may permit supplemental briefs "upon a showing of good cause." *Harris v Escamilla*, 2016 WL 7228904, at *2 (E.D. Cal. Dec. 11, 2016); *see also David Lubbon Cnty. Jail*, 2025 WL 2406430, at *3 (N.D. Tex. Aug. 20, 2025) (declining a plaintiff's request to supplement the record after briefing on a motion for summary judgment was concluded, where the plaintiff failed to show good cause to support the request). Significantly, the requests from the parties follow not only the completion of briefing, but also the issuance of the Findings and Recommendations. Upon review of each of briefs the parties filed following the Findings and Recommendations, neither Plaintiff nor the Government demonstrate good cause to support their respective requests for supplemental briefing or evidence.[3] Accordingly, the parties' respective requests to file supplemental briefs and evidence are **DENIED**.

## V.     Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A *de novo* review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

### A.     Order on Plaintiff's motion to compel

As an initial matter, the Court notes Plaintiff's "Objection No. 1" relates to the magistrate judge's order denying his motion to compel. (Doc. 74 at 1.) As Plaintiff now recognizes, such should have been filed as a motion for reconsideration. (*See* Doc. 76 at 2.) Accordingly, the Court construes "Objection No. 1" as a motion for reconsideration by the district judge.

---

[3] For example, even if the Government attempted to cure the ambiguity identified by the magistrate judge with additional evidence, the Court is not permitted to weigh the evidence. Instead, the identified conflict between the declaration of Associate Warden Garcia and the redacted post orders—regarding whether there was a requirement to patrol a particular location during prisoner movements—must be resolved in Plaintiff's favor. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 255 (1986). Moreover, additional evidence is unnecessary from Plaintiff related to the motion for summary judgment because, as discussed below, the Court adopts the findings that there are disputes of material fact.

Rule 72(a) of the Federal Rules of Civil Procedure provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions, which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983).

Factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200-01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, 2014 WL 3563312, at *1 (E.D. Cal. 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

Plaintiff contends the magistrate judge made "clear error" and his "motion to compel discovery should have been deemed to have been filed on November 17, 2021," particularly given his assertions regarding a "mix-up at the Clerk's Office." (Doc. 74 at 2, 6.) However, as the magistrate judge observed, Plaintiff's assertions were not made under penalty of perjury. (*See* Doc. 65 at 1-3; Doc. 66 at 3, 21; Doc. 72 at 1, 5-8, 11.) Consequently, the statements are not *evidence* before the Court. *See Love v. CDCR Health Care Servs.*, 2024 WL 519811, at *3 (Feb. 9, 2024) (statements "are not evidence" when "not in affidavit form nor signed under the penalty of perjury); *Berry v. Sanders*, 2009 WL 789890, at *6 & n.3 (C.D. Cal. Mar. 20, 2009) ("unsworn

9

arguments are not evidence"). To the extent Plaintiff contends the magistrate judge erred by not considering his deposition testimony regarding his expressed plan to file a motion to compel, as Plaintiff acknowledges, the testimony at most shows his *intent* to file and "does not conclusively prove that he did so." (Doc. 74 at 8, 12-13.) Because there was no evidence before the Court establishing that Plaintiff provided his motion to prison officials for mailing to the Court on November 17, 2021, Plaintiff fails to show a "clear error" by the magistrate judge.[4]

The magistrate judge found that *even assuming* Plaintiff provided the motion to prison officials for mailing to the Court on November 17, 2021, the motion should be denied because Plaintiff did not show "due diligence" by seeking to compel discovery "only a week before the close of discovery," particularly given Plaintiff's admission that he received the Government's response to his discovery dispute in August 2021. (Doc. 73 at 4.) Plaintiff argues the magistrate judge erred in imposing a duty of diligence "ad hoc," and that he had "no obligation to explain why he waited until November 2021 to submit his motion to compel." (Doc. 74 at 14, 16; *see also id.* at 14-18.) However, the magistrate judge did not arbitrarily impose this duty, as Plaintiff seems to suggest. By seeking to compel discovery at that late date, Plaintiff implicitly sought to amend the scheduling order's discovery deadline. Such an amendment requires a showing of diligence. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (amendment of the scheduling order requires a showing of good cause, which "primarily considers the diligence of the party seeking the amendment"); *see also Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 492103, at *5 (E.D. Cal. Feb. 8, 2023) ("courts have determined compliance with the discovery cutoff requires motions to compel be filed *and heard* sufficiently in advance of the cutoff so that the Court grant effective relief within the allotted discovery time" [emphasis in original]); *Lacy v. American Biltrite*, 2012 WL 909309 at *8 (S.D. Cal. Mar. 16, 2012) ("the discovery cutoff includes hearings on motions to compel and discovery ordered as a result of a

---

[4] Significantly, Plaintiff's "certificate of service" for the motion to compel is addressed only to counsel for the Government, and does not indicate service on the Court at all for filing. (Doc. 62 at 65.) Without such, Plaintiff cannot establish the date he first provided the motion to prison officials for mailing to the Court, or even the second date for the reported re-mailing because he did not provide this information on the certificate of service. *See, e.g., Knapp v. Brown*, 2018 WL 4450259, at *2 (E.D. Cal. Sept. 17, 2018) ("plaintiff has not established the date he delivered his objections to prison officials for mailing to the court because the proof of service does not indicate that the document was mailed to the court").

motion to compel"). Consequently, Plaintiff fails to show the denial of his motion to compel as untimely was contrary to law.[5]

### B. Motion to dismiss

As discussed above, Plaintiff contends the magistrate judge erred in addressing his second cause of action, asserting that his claim was not premised upon the officers' duty to supervise the metal detectors, but rather the duty to pay "attention to the inmates." (Doc. 74 at 44, emphasis in original; *see also id.* at 40-47, 53-55, 60-61.) Plaintiff argues that the magistrate judge essentially "inverted" the duty and causation elements by indicating Plaintiff alleged the officers had a duty to monitor the metal detectors, and the result of the breach was that inmates entered the yard with weapons. (*See id.* at 52-53.) Plaintiff asserts that under his "actual claim, the Unit 2-A officers did not have to be monitoring the metal detector, or even the particular inmates going through the metal detector, in order to be deemed to have been fulfilling their duty to remain attentive and to supervise the inmates." (*Id.* at 53, emphasis in original.) However, Plaintiff's objections are plainly contradicted by the record.

In the SAC, Plaintiff specifically asserted the Unit 2-A officers had a duty to monitor the metal detector:

> Unit 2-A housing unit officers … were negligent in *failing to remain attentive and supervise the walk-through metal detector* during the 12:30pm recreation move, thus enabling several Hispanic inmates, including the Hispanic inmate who subsequently stabbed Plaintiff in the racial attack, to set off the metal detector and yet proceed to the recreation yard without being stopped and searched by staff so that staff could determine why the metal detector was alerted to the presence of metal, which staff are required by post orders to do if an inmate does not clear the metal detector. the Unit 2-A officers' failure to remain attentive *and supervise the metal detector* allowed the Hispanic gang members to transport homemade metal knives from the housing unit to the recreation yard, where they were used to stab numerous inmates, including Plaintiff.

(Doc. 56 at 5-6, emphasis added.) With these allegations, Plaintiff also indicates the *consequence*

---

[5] The Court declines to address Plaintiff's remaining arguments related to whether he should have addressed the need for discovery in his opposition to the motion for summary judgment. (*See* Doc. 74 at 27-34.) It is not the role of the Court to speculate as to how the magistrate judge may have addressed such arguments had they been raised. Instead, the Court constrains its review to the record before the magistrate judge to determine whether there was a clear factual error or the legal determinations were contrary to law.

11

of the failure to supervise the metal detector was that the inmates were "thus" able to set off the metal detector and still proceed to the recreation yard. (*Id.*)  Plaintiff's objections that the magistrate judge erred in identifying the duty alleged in the SAC are unavailing.  The reported duty to monitor the metal detector is distinct from the duty to remain attentive to the prisoners. Plaintiff cannot recast his allegations to salvage the claim.

As the magistrate judge determined, the decision whether to monitor the metal detectors —or instead monitor other areas of the institution— is discretionary under the BOP post orders. (Doc. 73 at 10, citing Doc. 58-2, ¶ 4.)  The Court concludes the magistrate judge's findings related to Plaintiff's second claim in the SAC are supported by the record and proper analysis, and the Court lacks jurisdiction over the claim pursuant to the FTCA's discretionary function exception.

### C. Motion for summary judgment

Neither party filed timely objections to the findings related to the motion for summary judgement.  Accordingly, the Court reviewed the portion of the Findings and Recommendations "for clear error." *See United States v. Thrift*, 2024 WL 1655093, at *1 (E.D. Cal. Apr. 27, 2024) (citing Fed. R. Civ. P. 72(b)).  Having done so, the Court concludes the magistrate judge's finding that there are several disputes of material fact related to Plaintiff's first negligence claim in the SAC is supported by the record and proper analysis.

## VI. Conclusion and Order

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case. Having carefully reviewed the entire matter—including each of the objections, responses, and supplemental briefs filed by the parties—the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The construed motion for reconsideration regarding the denial of Plaintiff's motion to compel (Docs. 72, 74) is **DENIED**.
2. The parties' requests to supplement the record (Docs. 76, 77, 78, 79) are **DENIED**.
3. Plaintiff's motion for leave to file a status report (Doc. 81) is **GRANTED** nunc pro tunc, and the report is deemed filed.

4. The Findings and Recommendations (Doc. 73) are **ADOPTED** in full.

5. Defendant's partial motion to dismiss (Doc. 58) is **GRANTED**.

6. Plaintiff's second cause of action in the SAC, related to monitoring the metal detectors, is **DISMISSED** for lack of subject matter jurisdiction.

7. Defendant's motion for summary judgment (Doc. 64) is **DENIED** as to Plaintiff's remaining claim for failure to patrol.

8. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendant **SHALL** file an amended answer to the second amended complaint or a statement notifying the Court that Defendant intends to stand on the answer filed on February 11, 2021, (Doc. 44).

9. Following the filing of Defendant's amended answer or statement, this matter **SHALL PROCEED** to a bench trial on Plaintiff's FTCA claim regarding failure to patrol the recreation yard prior to a race riot that occurred at USP Atwater on July 24, 2015.

IT IS SO ORDERED.

Dated:   **September 29, 2025**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE