# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

SCOTT BARBOUR,

          Plaintiff,

    v.

UNITED STATES OF AMERICA,

          Defendant.

Case No.  1:18-cv-00246 JLT BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OR ALTERNATIVELY TO ISSUE PRELIMINARY INJUNCTION REGARDING DISCOVERY MATERIAL

(Doc. 85)

Scott Barbour seeks to hold the Government liable pursuant to the Federal Tort Claims Act for the alleged failure to patrol the recreation yard prior to a race riot that occurred at United States Penitentiary Atwater on July 24, 2015.

On June 12, 2024, the assigned magistrate judge denied plaintiff's motion to compel discovery. (Doc. 73.)  Plaintiff sought reconsideration of that order, which the Court denied on September 20, 2025.  (Doc. 82.)  The Court determined that plaintiff failed to show a "clear error" by the magistrate judge or that denial of his motion to compel as untimely was contrary to law. (*Id.* at 8-11.)  Plaintiff now requests the Court reconsider the discovery order under Rules 59(e) or 65(a) of the Federal Rules of Civil Procedure or issue a preliminary injunction requiring the Government to preserve the disputed discovery material.  (Doc. 85.)  The Government opposed the motion on December 22, 2025.  (Doc. 90.)  Plaintiff replied on January 20, 2026.  (Doc. 91.)

Generally, a motion for reconsideration of a final judgment is appropriately brought under

1

Federal Rule of Civil Procedure 59(e).  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  *See* Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

Plaintiff contends that the magistrate judge's denial of his motion to compel discovery was clearly erroneous or contrary to law.  The Court previously determined that Plaintiff failed to show a "clear error" by the magistrate judge or that the denial of his motion to compel was "contrary to law."  (Doc. 82 at 10-11.)  By the instant motion, Plaintiff has not shown what new or different facts or circumstances that did not exist or could not have been shown in his prior request for reconsideration.  Indeed, Plaintiff reiterates multiple arguments previously included in his objections to the magistrate judge's decision.  (*See* Doc. 85 at 5, 8.)  Plaintiff's motion for reconsideration will be denied.

Insofar as Plaintiff requests an injunction requiring the Government to preserve the

2

disputed discovery material, the Government indicates that a litigation hold has been in place since the inception of this case.  (Doc. 90 at 2.)  In light of this hold, Plaintiff admits that an injunction may not be necessary, and instead requests the Court remind the Government that it must preserve the requested evidence for the duration of this litigation, including any appeals. (Doc. 91 at 2-3.)  Based on this concession, Plaintiff's alternative request for injunctive relief also will be denied.  Thus, the Court **ORDERS**:

1. Plaintiff's motion to alter or amend judgment, or alternatively to issue preliminary injunction regarding discovery material, (Doc. 85), is **DENIED**.

2. This matter **SHALL PROCEED** to a bench trial on Plaintiff's FTCA claim regarding failure to patrol the recreation yard prior to a race riot that occurred at USP Atwater on July 24, 2015.

3. The action is referred to the assigned magistrate judge for scheduling consistent with this Order.

IT IS SO ORDERED.

Dated:   **February 5, 2026**

UNITED STATES DISTRICT JUDGE

3