# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BARBOUR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No.  1:18-cv-00246-JLT-BAM (PC)<br><br>**SECOND SCHEDULING ORDER**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 281 TO PLAINTIFF**<br><br>Expert Discovery Cutoff:<br>**August 14, 2026**<br><br>Pretrial Conference (via Zoom):<br>**September 21, 2026** at 1:30 p.m. in Courtroom 4 (JLT)<br><br>Bench Trial:<br>**November 17, 2026** at 8:30 a.m. in Courtroom 4 (JLT) |

Plaintiff Scott Barbour ("Plaintiff") is a former federal inmate proceeding *pro se* in this action under the Federal Tort Claims Act ("FTCA").  This case is now ready to be set for a bench trial before United States District Judge Jennifer L. Thurston on Plaintiff's FTCA claim against Defendant United States of America.

As discussed at the status conference held on April 22, 2026, venue for this action is appropriate in the Fresno Division of the United States District Court for the Eastern District of California, and trial will be held at the federal courthouse located in Fresno, California.  However, because Plaintiff informed the Court that he remains under house arrest and he inquired about appearing at trial by videoconference, Plaintiff shall file any motion to appear remotely at trial on or before **July 28, 2026**.  Defendant's opposition to the motion, if any, shall be filed on or before **August 25, 2026.**

## I.      Expert Disclosures

The deadline for all parties to serve their expert disclosures is **June 1, 2026**.  Parties have

1

until **June 26, 2026,** to serve their rebuttal expert disclosures. Such disclosures must be made pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), (B), and (C) and shall include all information required thereunder. In addition, Federal Rules of Civil Procedure 26(b)(4) and 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be fully prepared to be examined on all subjects and opinions included in their designations. Failure to comply with these requirements will result in the imposition of sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence if Federal Rule of Civil Procedure 26(e) is not strictly complied with. The close of expert discovery is **August 14, 2026**.

## II.     Pretrial Statements

The parties are required to file pretrial statements in accordance with the schedule set forth herein. In addition to the matters already required to be addressed in the pretrial statement under Local Rule 281, the parties will be required to submit requests to obtain the attendance of incarcerated witnesses. The procedures, requirements and deadlines for such a request are outlined in detail below.

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. Plaintiff is responsible for producing all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

## III.    Witnesses

A.  <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue such an order unless it is satisfied that the

prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file concurrent with the pretrial statement a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the Court will

issue the order necessary to cause the witness's custodian to bring the witness to court.

Motions for the attendance of incarcerated witnesses at trial, if any, must be filed on or before **July 28, 2026**.  Objections, if any, must be filed on or before **August 25, 2026**.

B. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with the pretrial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

C. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the Court.

D. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness.  *Id.*  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses.  28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the

4

Court.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than **August 25, 2026.**  To ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step one, on or before **July 28, 2026**.

**IV.    Order**

Accordingly, the Court HEREBY ORDERS as follows:

1.  This matter is set for a bench trial before the Honorable Jennifer L. Thurston on **November 17, 2026**, at 8:30 a.m. in Courtroom 4.

2.  This matter is set for a pretrial conference before the Honorable Jennifer L. Thurston, where the parties will appear **by video (via Zoom)**, on **September 21, 2026**, at 1:30 p.m. in Courtroom 4.

3.  Defense counsel shall contact Courtroom Deputy, Irma Munoz, at (559) 499-5682 or imunoz@caed.uscourts.gov for the Zoom dial-in information for all parties.

4.  The Court also sets the following deadlines:

    a.  Initial expert disclosures, if any, shall be filed on or before **June 1, 2026**;

    b.  Rebuttal expert disclosures, if any, shall be filed on or before **June 26, 2026**;

    c.  The close of expert discovery is **August 14, 2026**;

    d.  Plaintiff shall serve and file a pretrial statement as described in this order on or before **August 10, 2026**;

    e.  Defendant shall serve and file a pretrial statement as described in this order on or before **August 24, 2026**.  In addition to electronically filing a pretrial statement, Defendant shall e-mail the pretrial statement to: bamorders@caed.uscourts.gov;

    f.  If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **July 28, 2026**;

g.  The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **August 25, 2026**;

h.  If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **July 28, 2026**, and Plaintiff must submit the money orders, as described in subsection III.D. of this order, to the Court on or before **August 25, 2026;**

5.  The Clerk of the Court is DIRECTED to send Plaintiff a copy of Local Rule 281;

6.  Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s);

7.  **The dates in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.**  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates; and

8.  **<u>The parties are advised that failure to file pretrial statements or to comply with the procedures set forth by this order may result in the imposition of appropriate sanctions, which may include preclusion of any and all witnesses, dismissal of the action, or entry of default.</u>**

IT IS SO ORDERED.

Dated:  __**April 23, 2026**__          ___/s/ _Barbara A. McAuliffe_____
                                        UNITED STATES MAGISTRATE JUDGE

6