# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BARBOUR,<br><br>             Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | Case No. 1:18-cv-00246-JLT-BAM (PC)<br><br>AMENDED ORDER SETTING SETTLEMENT CONFERENCE<br><br>Hearing:    **Settlement Conference**<br>Date:        **May 21, 2026**<br>Time:        **1:30 p.m. (PST)**<br>Judge:      **Stanley A. Boone**<br>Location:  **via Zoom Videoconference** |

Plaintiff Scott Barbour ("Plaintiff") is a former federal inmate proceeding *pro se* and *in forma pauperis* in this civil action pursuant to the Federal Tort Claims Act against Defendant United States of America. This case is currently set for a bench trial to begin November 17, 2026, at 8:30 a.m. in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston.

The parties have agreed that this case will benefit from a settlement conference. Therefore, the matter is referred to Magistrate Judge Stanley A. Boone to conduct a settlement conference on **May 21, 2026, at 1:30 p.m., via the Zoom videoconferencing application.**

The parties shall contact Courtroom Deputy Jan Nguyen at (559) 499-5672 or jnguyen@caed.uscourts.gov for the Zoom video and dial-in information, including any necessary passcodes.

The parties shall each submit to Judge Boone a confidential settlement conference statement,

1

as described below, to arrive at least **seven days (one week)** prior to the conference.

The Court puts the parties on notice that if Plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

Defendant shall be prepared to negotiate the merits of the case and offer more than a waiver of costs as a reasonable compromise to settle the case.  The parties are also informed that an offer of dismissal in exchange for a waiver of costs is not considered good faith settlement negotiations.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a **video** settlement conference, **via the Zoom videoconferencing application**, before Magistrate Judge Stanley A. Boone on **May 21, 2026, at 1:30 p.m.**

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend **via the Zoom videoconferencing application**.

3. Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of sanctions.

4. Defendant shall provide a confidential settlement statement to the following email address: **saborders@caed.uscourts.gov**.  Plaintiff shall mail his confidential settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California 93721, **"Attention: Magistrate Judge Stanley A. Boone."**  The envelope shall be marked "Confidential Settlement Statement."  Settlement statements shall arrive no later than **May 14, 2026**. Parties shall also file a Notice of Submission of Confidential Settlement Statement (See Local Rule 270(d)).  Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**.  Settlement statements shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

5. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

    f. <u>If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.</u>

6. The parties remain obligated to keep the Court informed of their current address at all times while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." See Local Rule 182(f).

7. **<u>A failure to follow these procedures may result in the imposition of sanctions.</u>**

IT IS SO ORDERED.

Dated:   **April 24, 2026**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE